Rev 12/01/18

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

STEPHEN C. MOLNAR

CHAPTER 13

CASE NO.: 1:20-02518

__X__ Amended Plan 10/30/20

Number of Motions to Avoid Liens

Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
   1. To date, the Debtor paid $1,981.26 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $66,298.82 plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 11/2020 | 8/2025 | $1,108.92 | | $1,108.92 | |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | $66,298.82 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:
      ☑ Debtor is at or under median income.

   B. **Additional Plan Funding From Liquidation of Assets/Other**
   1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

2

☐ X No assets will be liquidated.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by (Date). If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ☑ None.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ☐ None.

   ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| M&T Bank | Camper | 0001 |
| Select Portfolio | 28 Charles Street | 7422 |
| USAA | 2009 Toyota Highlander | |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's**

3

**principal residence).** *Check one.*

☐ None.

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Foundation Finance Company | Water System | $6,295.00 | | $6,295.00 |
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None.

F. **Surrender of Collateral.** *Check one.*

☑ None.

4

G. <u>Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens</u>. *Check one.*

   ☑ None.

3. **PRIORITY CLAIMS.**

   A. <u>Administrative Claims</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 0 already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ☐ None.

      ☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

   B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

    ☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

Property of the estate will vest in the Debtor upon

*Check the applicable line:*

    ☐ plan confirmation.
    ☒ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here
   Level 2: Enter text here
   Level 3: Enter text here
   Level 4: Enter text here
   Level 5: Enter text here
   Level 6: Enter text here
   Level 7: Enter text here
   Level 8: Enter text here

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.
   Level 3: Domestic Support Obligations.
   Level 4: Priority claims, pro rata.
   Level 5: Secured claims, pro rata.
   Level 6: Specially classified unsecured claims.
   Level 7: Timely filed general unsecured claims.
   Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
   Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

7

Dated:

                                          /s/ James H. Turner  
                                        Attorney for Debtor

                                        /s/ Stephen C. Molnar  
                                        Stephen C. Molnar

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
STEPHEN C. MOLNAR : Case No. 1:20-02518

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 1st _____ Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **December 9, 2020** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court Ronald Reagan Federal Building, Bankruptcy Courtroom (3rd Floor) Third & Walnut Streets Harrisburg, PA 17101 | Date: December 16, 2020 Time: 9:30 AM |
|---|---|

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.

Date: October 30, 2020

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    STEPHEN C. MOLNAR : Case No. 1:20-02518

## CERTIFICATE OF SERVICE

I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, to:
    See attached

Date: 10/30/2020      /s/ James H. Turner, Esquire
    James H. Turner
    Turner and O'Connell
    915 N Mountain Road, Suite D
    Harrisburg, PA 17112
    (717) 232-4551

Label Matrix for local noticing
0314-1
Case 1:20-bk-02518-HWV
Middle District of Pennsylvania
Harrisburg
Fri Oct 30 11:00:59 EDT 2020

Barclays
PO Box 13337
Philadelphia, PA 19101-3337

CREDIT FIRST NA
PO BOX 818011
CLEVELAND, OH 44181-8011

Capital One
PO Box 70884
Charlotte, NC 28272-0884

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Discover
PO Box 6103
Carol Stream, IL 60197-6103

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Firestone/Credit First NA
PO Box 81344
Cleveland, OH 44188-0001

Foundation Finance
PO Box 3148
Hicksville, NY 11802-3148

Foundation Finance Company
C/O Weinstein & Riley, PS
2001 Western Avenue, Ste 400
Seattle, WA 98121-3132

Daniel Philip Jones
Stern & Eisenberg PC
1581 Main Street
Suite
Warrington, PA 18976-3403

Lowes
PO Box 981064
El Paso, TX 79998-1064

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

Stephen C Molnar
28 Charles Street
Highspire, PA 17034-1014

Brian Nicholas
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106-1541

ONEMAIN
P.O. BOX 3251
EVANSVILLE, IN 47731-3251

Onemain
PO Box 742536
Cincinnati, OH 45274-2536

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pennsylvania Department of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128-0946

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Select Portfolio Servicing
3815 S West Temple
Ste 2000
Salt Lake City, UT 84115-4412

Rebecca Ann Solarz
KML Law Group, P.C.
701 Market St.
Suite 5000
Philadelphia, PA 19106-1541

Sportsman's Guide
PO Box 659569
San Antonio, TX 78265-9569

Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976-3403

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

TD Bank USA, N.A.
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Target
PO Box 660170
Dallas, TX 75266-0170

James H Turner
Turner and O'Connell
915 N Mountain Road
Suite D
Harrisburg, PA 17112-1793

```
U.S. Bank National Association                U.S. Bank National Association, as indenture    USAA
c/o Select Portfolio Servicing, Inc.          c/o Stern & Eisenberg                            PO Box 65020
P.O.Box 65250                                 1581 Main Street, Suite 200                      San Antonio, TX 78265-5020
Salt Lake City, UT 84165-0250                 Warrington, PA 18976-3403


USAA Federal Savings Bank                     United States Trustee
Robertson, Anschutz, Schneid & Crane LLC      228 Walnut Street, Suite 1190
10700 Abbotts Bridge Road, Suite 170          Harrisburg, PA 17101-1722
Duluth, GA 30097-8461
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
M&T Bank                                      Portfolio Recovery Associates, LLC
PO Box 64679                                  POB 12914
Baltimore, MD 21264-4679                      Norfolk VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Foundation finance company                 End of Label Matrix
                                              Mailable recipients    34
                                              Bypassed recipients     1
                                              Total                  35
```